IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHADEVEN JASON HARPER,

    Petitioner,                    No. CIV S-03-0410 GEB GGH P

    vs.

A.K. SCRIBNER, Warden,

    Respondent.                  <u>ORDER</u>

_____/

        Petitioner, a state prisoner proceeding through counsel, has filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

        On November 10, 2005, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty days. Petitioner was granted two extensions of time to file objections and has filed objections to the findings and recommendations.[1]

/////

---

[1] See <u>Order</u> filed on December 13, 2005, and <u>Order</u> filed on January 6, 2006.

1

In the objections, petitioner requests that this matter be remanded to the Magistrate Judge for further factual development of his claim that his Fourteenth Amendment right to due process and his Sixth Amendment right to present a defense were violated when the trial court denied his request for a trial continuance in order to obtain the attendance of witness Ms. Walker.  Petitioner states that Ms. Walker has recently been located and that "attempts have been made to communicate with her."  He requests that he be permitted to "attempt, once again, to secure Ms. Walker's deposition testimony."  Petitioner's trial investigator has informed petitioner's current counsel that he "believes that he will be able to contact Ms. Walker by telephone and eventually serve her with a deposition subpoena."  Petitioner also includes a summary of an August 31, 2004, interview between petitioner's trial investigator and Ms. Walker, which took place before the findings and recommendations were issued.

The court will deny petitioner's request that this matter be remanded to the Magistrate Judge.  Despite his efforts, petitioner is still unable to inform the court of the substance of Ms. Walker's intended deposition testimony or even whether she will agree to submit to a deposition.  The August 31, 2004 interview summary contains no new information of substance.  Indeed, the facts surrounding the potential trial testimony of Ms. Walker are essentially the same today as they were when the trial judge declined to grant petitioner a trial continuance.  For this reason, petitioner has not established good cause for further discovery or that the trial judge's refusal to grant petitioner a trial continuance rendered his trial fundamentally unfair.

Assuming arguendo that petitioner is claiming evidence outside of the trial record establishes that he is innocent, and that a freestanding claim of actual innocence may be maintained in this case, his claim must fail.  The standard for establishing such a claim on habeas review is " 'extraordinarily high.'"  <u>Carriger v. Stewart</u>, 132 F.3d 463, 476 (9th Cir .1997) (en banc) (quoting <u>Herrera v. Collins</u>, 506 U.S. 390, 417 (1993)).  Petitioner "must go beyond demonstrating doubt about his guilt, and must affirmatively prove that he is probably innocent."

1  Id. See also Boyde v. Brown, 404 F.3d 1159 (9th Cir. 2005); Jackson v. Calderon, 211 F.3d
2  1148, 1165 (9th Cir. (2000).  In light of the other evidence in this case, petitioner has not made
3  the necessary showing.
4        In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-
5  304, this court has conducted a de novo review of this case.  Having carefully reviewed the entire
6  file, the court finds the findings and recommendations to be supported by the record and by
7  proper analysis.
8        Accordingly, IT IS HEREBY ORDERED that:
9        1. Petitioner's request that the case be remanded to the Magistrate Judge for
10 further factual development of his first claim for relief is denied;
11       2. The findings and recommendations filed November 10, 2005, are adopted in
12 full; and
13       3. Petitioner's application for a writ of habeas corpus is denied.
14 Dated:  March 10, 2006

/s/ Garland E. Burrell, Jr.
GARLAND E. BURRELL, JR.
United States District Judge

/harp0410.805

3